**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **EON CORP. IP HOLDINGS, LLC,**<br>     Plaintiff, | **CIVIL NUM.:** |
| v. | **REQUEST FOR TRIAL BY JURY** |
| **AT&T MOBILITY, LLC; AT&T MOBILITY PUERTO RICO, INC.; PUERTO RICO TELEPHONE COMPANY, INC; CLARO INC.; TELECOMUNICACIONES DE PUERTO RICO, INC. AND TELEFONICA DE PUERTO RICO, INC.,**<br>     Defendants | **PATENT INFRINGEMENT** |

**PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff EON Corp. IP Holdings, LLC ("EON"), through the undersigned attorneys, and respectfully alleges, states, and pray as follows:

**I.   NATURE OF THE ACTION**

1.   This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin co-defendants AT&T Mobility, LLC ("AT&T LLC"), AT&T Mobility Puerto Rico, Inc. ("AT&T Puerto Rico")(collectively, "AT&T"), and Puerto Rico Telephone Company, Inc. ("PRTC"), Telecomunicaciones de Puerto Rico, Inc. ("TPRI"), Telefonica de Puerto Rico, Inc.("TPR") and Claro, Inc. ("CI"), all d/b/a Claro Puerto Rico, (collectively, "Claro") (collectively, "Defendants") from infringing and

profiting from, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, U.S. Patent No. 5,663,757 (the "'757 Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## II.   JURISDICTION AND VENUE

2.   The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

3.   Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

4.   This Court has personal jurisdiction over each Defendant.  Upon information and belief, each Defendant has conducted and does conduct business within Puerto Rico, directly or through intermediaries or agents, or offers for sale, sells, or advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Puerto Rico that infringe the '757 Patent, the '101 Patent, the '546 Patent and the '491 Patent or knowingly contributes to infringement of the asserted patents.

5.   In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over AT&T

because it is, upon information and belief, a wireless operator within Puerto Rico, and derives substantial revenue therefrom.

6. In addition to AT&T continuously and systematically conducting business in Puerto Rico, the causes of action against AT&T arose from or are connected with AT&T's purposeful acts committed in Puerto Rico, including AT&T's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, subscriber units, associated services, or data systems that fall within the scope of at least one claim of the '757 Patent, the '491 Patent, the '101 Patent, and the '546 Patent.

7. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Claro because it is, upon information and belief, a wireless operator within Puerto Rico and derives substantial revenue therefrom.

8. In addition to Claro continuously and systematically conducting business in Puerto Rico, the causes of action against Claro arose from or are connected with Claro's purposeful acts committed in Puerto Rico, including Claro's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, subscriber units, associated services, or data systems that fall within the scope of at least one claim of the '757 Patent, the '101 Patent, the '546 Patent, and the '491 Patent.

### III.  THE PARTIES

9.  Plaintiff is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

10. Defendant AT&T LLC is a Delaware limited liability company with its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia 30342.

11. Upon information and belief, AT&T LLC engages in business but does not maintain a regular place of business in Puerto Rico and has not designated or maintained a resident agent for service of process there.  AT&T LLC may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

12. Upon information and belief, Defendant AT&T Puerto Rico is a subsidiary of AT&T LLC, with a registration number of 8172 from the Puerto Rico Department of State and offices located in 105 Ponce de León Ave., Puerto Rico 00919, where it can be served with process.

13.  Upon information and belief, Defendants PRTC, TPR, TPRI and CI are wholly owned by América Móvil SAB de CV of Mexico City, Mexico, are doing business as Claro, and have offices located in 562 Ponce de León Ave., Hato Rey, Puerto Rico 00918, where they can be served with process.

14. Upon information and belief, Defendant PRTC is a subsidiary of Claro, with a registration number of 102198 from the Puerto Rico Department of State and offices located at 1515 Roosevelt Ave. 10th Floor, Bo. Pueblo Viejo, Puerto Rico 00968, where it can be served with process.

15. Upon information and belief, Defendant CI is a subsidiary of Claro, with a registration number of 54206 from the Puerto Rico Department of State.

16. Upon information and belief, Defendant TPRI is a subsidiary of Claro, with a registration number of 99283 from the Puerto Rico Department of State.

17. Upon information and belief, Defendant TPR is a subsidiary of Claro, with a registration number of 95864 from the Puerto Rico Department of State.

## IV.   FACTUAL ALLEGATIONS

### A.   The '757 Patent

18. On September 2, 1997, after a full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '757 Patent, entitled "Software Controlled Multi-Mode Interactive TV Systems."  A true and correct copy of the '757 Patent is attached hereto as Exhibit A.  EON is the assignee through an exclusive license of all right, title, and interest in and to the '757 Patent and possesses all rights of recovery under the '757 Patent,

including the exclusive right to recover for infringement. The '757 Patent is valid and enforceable.

19. Defendant AT&T makes, uses, sells, offers for sale, and imports mobile television services and compatible subscriber units that embody one or more claims of the '757 Patent or are especially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). For example, AT&T sells and offers for sale subscriber units (e.g., cellular phone model Samsung Mythic) that are especially configured for receiving television content (e.g., television shows provided via AT&T Mobile TV) in accordance with one or more claims of the '757 Patent.

20. Upon information and belief, AT&T knew the actions alleged in Paragraph 19 infringed the '757 Patent at least since November 4, 2003 because, among other reasons, numerous AT&T patents have prosecution histories linking AT&T to the '757 Patent, including, for example, U.S. Patent No. 6,642,938.

21. AT&T's mobile television services and compatible subscriber units are not staple articles or commodities of commerce suitable for substantial non-infringing use.

22. AT&T has been and is presently infringing at least one claim of the '757 Patent literally or under the doctrine of

equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with subscriber unit manufacturers (e.g., Samsung), mobile television content (and associated application) providers, and/or end users.

23. Defendant Claro makes, uses, sells, offers for sale, and/or imports mobile television services and compatible subscriber units that embody one or more claims of the '757 Patent or are especially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). For example, Claro sells and offers for sale subscriber units (e.g., cellular phone models Samsung A 670, Motorola V 710 and Kyocera Slider) that are especially configured for receiving television content (e.g., television shows provided via Idea TV/Wapa Movil) in accordance with one or more claims of the '757 Patent.

24. Upon information and belief, Claro makes, uses, sells, offers for sale, and/or imports mobile television services and compatible subscriber units, multimedia content, and associated applications in the United States knowing that they embody or will become a material part of a product or process that embodies the '757 Patent.

25. Claro's mobile television services and compatible subscriber units are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26. Claro has been and is presently infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with subscriber unit manufacturers (e.g., Samsung, Motorola and Kyocera), mobile television content (and associated application) providers, and/or end users.

**B.   The '101,'546, and '491 Patents (the "Dinkins Patents")**

27. On February 7, 1995, after a full and fair examination, the USPTO duly and legally issued the '101 Patent, entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units."  The USPTO conducted *ex parte* reexamination of the '101 Patent and confirmed claims 1-18.  The rejection of claims 19 and 20 is presently on appeal.  A true and correct copy of the '101 Patent is attached hereto as Exhibit B.  EON is the assignee through an exclusive license of all right, title, and interest in and to the '101 Patent and possesses all rights of recovery under the '101 Patent, including the exclusive right to

recover for infringement. The '101 Patent is valid and enforceable.

28. On January 2, 1996, after a full and fair examination, the USPTO duly and legally issued the '546 Patent, entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" as a continuation of the '101 Patent. The USPTO conducted *ex parte* reexamination of the '546 Patent and issued a reexamination certificate on August 3, 2010, confirming all claims. A true and correct copy of the '546 Patent and reexamination certificate are attached hereto as Exhibit C. EON is the assignee through an exclusive license of all right, title, and interest in and to the '546 Patent and possesses all rights of recovery under the '546 Patent, including the exclusive right to recover for infringement. The '546 Patent is valid and enforceable.

29. On January 7, 1997, the USPTO duly and legally issued the '491 Patent, titled "Wireless Modem", after a full and fair examination. A true and correct copy of the '491 Patent is attached hereto as Exhibit D. EON is the assignee under an exclusive license of all rights, title, and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the right to recover for past infringement. The '491 Patent is valid and enforceable.

30. The '101, '546, and '491 Patents are collectively referred to as the "Dinkins Patents."

31. Defendant AT&T makes, uses, sells, offers for sale, and/or imports two-way communication networks, dual-mode network components, dual-mode subscriber units (e.g., Wi-Fi and cellular-enabled smart phones and tablets), modems (e.g., femotocells), dual-mode services, and/or dual-mode enabling software solutions that fall within the scope of at least one claim of each of the Dinkins Patents or are especially configured for use in and constitute a material portion of the patented inventions (e.g., dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between alternate communication pathways).  For example, AT&T directly infringes because it makes, uses, offers to sell, or sells cellular networks utilizing mobile offload services (e.g., AT&T Wi-Fi Basic, AT&T Wi-Fi Premier, and AT&T Wi-Fi On the Spot) that enable dual-mode subscriber units (e.g., Wi-Fi and cellular-enabled smart phones and tablets) to switch between communication paths having GSM components and communication paths having Wi-Fi components in accordance with one or more claims of each of the Dinkins Patents.  AT&T indirectly infringes, for example, by inducing and contributing to direct infringement by its customers through the selling, offering for

sale, or importing of dual-mode services and compatible subscriber units (e.g., Wi-Fi and cellular-enabled smart phones and tablets), modems (e.g., AT&T Mobile Hotspot MiFi 2372), dual-mode network components, and dual-mode enabling software solutions that are configured for use in and constitute a material portion of the patented invention.

32. Upon information and belief, AT&T knew the actions alleged in Paragraph 31 infringed the Dinkins Patents at least since January 11, 2000 because, among other reasons, numerous AT&T patents have prosecution histories linking AT&T to the Dinkins Patents, including, for example, U.S. Patent No. 6,014,569.

33. AT&T's dual-mode services and compatible subscriber units, modems, dual-mode network components, and dual-mode enabling software solutions are not staple articles or commodities of commerce suitable for substantial non-infringing use.

34. AT&T has been and is presently infringing at least one claim of each of the Dinkins Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with subscriber unit manufacturers, equipment manufacturers, network component manufacturers, retailers, wireless customers, and/or end users.

35. Defendant Claro makes, uses, sells, offers for sale, and/or imports two-way communication networks, dual-mode network components, subscriber units (e.g., Wi-Fi and cellular-enabled smart phones and tablets), modems, dual-mode services, and/or dual-mode enabling software solutions that fall within the scope of at least one claim of each of the Dinkins Patents or are especially configured for use in and constitute a material portion of the patented inventions (e.g., dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between alternate communication pathways). For example, Claro directly infringes because it makes, uses, offers to sell, or sells cellular networks utilizing mobile offload services that enable dual-mode subscriber units (e.g., Wi-Fi and cellular-enabled smart phones and tablets) to switch between communication paths having GSM components and communication paths having Wi-Fi components in accordance with one or more claims of each of the Dinkins Patents. Claro indirectly infringes, for example, by inducing and contributing to direct infringement by its customers through the selling, offering for sale or importing of dual-mode services and compatible subscriber units, modems, dual-mode network components, and dual-mode enabling software solutions that are

configured for use in and constitute a material portion of the patented invention.

36. Upon information and belief, Claro makes, uses, sells, offers for sale, or imports dual-mode services and compatible subscriber units, modems, dual-mode network components, and dual-mode enabling software solutions knowing that they will become a material part of a method, system or apparatus that infringes each of the Dinkins Patents.

37. Claro's dual-mode services and compatible subscriber units, modems, dual-mode network components and dual-mode enabling software solutions are not staple articles or commodities of commerce suitable for substantial non-infringing use.

38. Claro has been and is presently infringing at least one claim of each of the Dinkins Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with subscriber unit manufacturers, equipment manufacturers, network component manufacturers, retailers, wireless customers, and/or end-users.

### V.   FIRST CAUSE OF ACTION

### INFRINGEMENT OF THE EON PATENTS IN SUIT

39.  EON repeats and realleges the allegations set forth in Paragraphs 1 through 38 as if those allegations had been fully set forth herein.

40.  Defendants, without authorization or license and in violation of 35 U.S.C. §271, have been and are infringing the '757 Patent, the '101 Patent, the '546 Patent, and the '491 Patent directly, by inducement, and/or contributorily.

41.  Defendants' continued infringement is willful.

42.  EON has no adequate remedy at law against Defendants' acts of infringement, and Defendants' infringement will continue unless enjoined by this Court.

43.  EON has suffered and will continue to suffer irreparable injury as a result of Defendants' infringement.

44.  EON is in compliance with the requirements of 35 U.S.C. §287.

45.  EON has been damaged by Defendants' infringement and will continue to be damaged until enjoined by this Court.

## VI.  PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, and in favor of Plaintiff. Plaintiff prays that this Court:

  a.  award Plaintiff all relief available under § 284 of the Patent Act, including monetary damages, for the

>Defendants' infringement in an amount to be determined by the trier of fact;

b. award Plaintiff all relief available under § 285 of the Patent Act, including the costs of this litigation as well as attorneys' fees.

c. order payment of all applicable interests, including prejudgment interest; and

d. award Plaintiff whatever equitable relief is deemed appropriate.

## VII. DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 14th day of June, 2011.

**Ferraiuoli LLC**
221 Plaza, Suite 403
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

*s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
E-mail: *etorres@ferraiuoli.com*

*s/Cristina Arenas-Solís*
Cristina Arenas Solís
USDC No. 223511

ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC