IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, ET AL.,<br><br>Defendants. | CIV. NO.: 11-1555(FAB/SCC) |

**ORDER**

By a request for production dated June 12, 2012, Plaintiff EON Corp. sought from the AT&T defendants (collectively, "AT&T") information regarding indemnification of AT&T by third parties. *See* Docket No. 179-2, at 4. AT&T turned over the actual indemnification agreements that it had entered into, *see* Docket No. 179, at 1, but refused to turn over any of the related correspondence or documents. *See* Docket No. 179-2, at 4. EON filed a motion to compel production of the documents. Docket No. 179.

AT&T argues that it should not be made to produce the indemnification-related documents, first because they are irrelevant, and, second, because they are attorney work product protected by the common interest privilege. In essence, AT&T's opposition to the motion to compel suggests that the documents are primarily discussions and negotiations between AT&T's counsel and counsel for various third parties. According to AT&T, it is "common practice" in patent suits "for defendants to seek indemnification from the suppliers of the accused products." Docket No. 187, at 7. The subject matter of these communications might include "evaluat[ions of] the infringement allegations, assess[ments of] the validity of the patents at issues, [and] analy[sis of] potential damages." *Id.* AT&T argues that documents of this type are attorney work product. *See In re Grand Jury Subpoena*, 274 F.3d 563, 574 (1st Cir. 2001).

We believe, first of all, that these documents are relevant. As EON has suggested, the documents may, for example, shed light on AT&T's business relationships with its suppliers and whether third parties are contributory or joint infringers. *See* Docket No. 190-1, at 4–5. It may also help to identify other entities with knowledge of discoverable material. *See id.* at 5.

| EON Corp. v. AT&T | Page 3 |
|---|---|

And in any case, AT&T, by only stating vaguely what the documents contain, has failed to carry its burden to prove lack of relevance. *See Vazquez-Fernandez v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 155 (D.P.R. 2010).

As to AT&T's contention that the common interest doctrine applies, we are unable to make a generalized ruling on that subject but can offer some guidance. AT&T is correct that an indemnification agreement can give rise to a sufficient community of interest to invoke the doctrine. Thus, communications that post-date the signing of an indemnification agreement need not be disclosed, so long as those communications were between AT&T's and the third parties' *counsel*. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007) ("[T]o be eligible for continued protection, the communication must be shared with the *attorney* of the member of the community of interest."); *see also* EDNA S. EPSTEIN, 1 THE ATTORNEY CLIENT-PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 286 (2007) (explaining that the doctrine is designed "to allow a pooling of resources in preparing [a] defense by allowing an exchange of information between the *attorneys*" (emphasis added)). Likewise, communications that post-date the effective date of a joint-defense agreement need not be disclosed. *See* EPSTEIN, 1

ATTORNEY CLIENT PRIVILEGE 304 (explaining that the best practice is to "enter into a formal agreement stipulating the privileged materials will be shared because of the existence of some community of interest and that the parties recognize that the shared materials should be kept confidential"). *But see United States v. Stepney*, 246 F. Supp. 2d 1069, 1079 n.5 (N.D. Cal. 2003) ("No written agreement is generally required to invoke the joint defense privilege.").[1] On the other hand, we do not believe that demands for indemnification can be covered by the doctrine because they, by their very nature, show that an agreement to mount a joint defense does not yet exist. *See United States v. Bay State Ambulance & Hosp. Rental Serv. Inc.*, 874 F.2d 20, 28 (1st Cir. 1989) (holding that the communication must have been made "*in the course* of a joint defense effort" (emphasis added)); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) ("Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected.").

---

1. AT&T, as the party seeking to invoke the doctrine, has the burden to prove that the communications were made in the course of a joint defense effort. *See In re Bevill, Bresler, & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986).

Other communications—those that post-date a demand letter and pre-date an actual agreement—are more difficult to classify sight unseen. In any case, the parties at this point should have exchanged privilege logs and should be ready to discuss specific documents. *See* Amended Case Management Order, Docket No. 110 (setting September 24, 2012, as the date to exchange privilege logs). Bearing in mind the Court's view of the law above, the parties should promptly meet again to discuss the specific documents as described in AT&T's logs. We are confident that much of this dispute can be dealt with in such a manner. After that meeting, any documents with regard to which there remains a dispute should be filed with the court for *in camera* review as required by the Discovery Order, Docket No. 111.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of October, 2012.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE